UNITED STATES DISTRICT COURT
BOSTON DISTRICT OF MASSACHUSETTS

MANUEL VERA BETANCOURT (pro-se)
A# 22-790-964, petitioner

V.

JOHN ASHCROFT, ATTORNEY GENERAL
                    , INS COMMISSIONER
IMMIGRATION and NATURALIZATION
SERVICE, AND STEVEN FARQUHARSON,
DHS DISTRICT DIRECTOR FOR The
BOSTON DISTRICT OFFICE.
        Respondent

PETITION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241

Petitioner MANUEL VERA BETANCOURT, hereby petitions this court for a writ of habeas corpus to remedy petitioner's unlawful detention by respondents. In support of this petition and complaint for injunctive relief, petitioner alleges as follows:

## Custody

1. Petitioner is in the physical custody of respondents and the Immigration and Naturalization Service (DHS). Petitioner is detained at Plymouth County Correctional Facility, Sheriff's office in 26 Long Pond Road Plymouth, MA 02360. The DHS has contracted with Plymouth County Jail to house immigration detainees such petitioner. Petitioner is under the direct control of respondents and their agents.

(1)

## JURISDICTION

2. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA") 8 U.S.C § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), pub, L. N. 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

3. This court has jurisdiction under 28 U.S.C § 2241; art. I § 9, cl. 2 of the United States Constitution (Suspension Clause); and 28 U.S.C. § 1331, as petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, Laws, or Treaties of the United States. This court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651.

4. Petitioner has exhausted any and all administrative remedies to the extent required by law.

## VENUE

5. Pursuant to Braden v. 30th Judicial Circuit Court Kentucky, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the District of Massachusetts, the judicial district in which petitioner resides.

6. Petitioner is a native and citizen of Cuba. Petitioner was first taken into DHS custody on ~~~~~~ December 31, 02. and has remained in DHS custody continuously since that date. Petitioner did not appeal his order of deportation; thereby making it final 30 days from the date petitioner was ordered removed.

(2)

## PARTIES

7. Respondent John Ashcroft is the Attorney General of the United States and is responsible for the administration of the DHS and implementation and enforcement of Immigration and Naturalization Act ("INA"). As such, Mr. Ashcroft has ultimate custodial authority over petitioner.

8. Respondent, present INS Commissioner is the Commissioner of the INS. He is responsible for the administration of the INS and the implementation and enforcement of the INA. As such ___ is the legal custodian of petitioner.

9. Respondent Steven Farquharson is the District Director of the Boston District Office of the DHS and is petitioner's immediate custodian. See Vasquez v. Reno, 233 F.3d 688, 960 (1st Cir. 2000), cert. denied, 122 S.Ct. 43 (2001).

## FACTUAL ALLEGATION

10. Petitioner, Manuel Vera Betancourt, is native and citizen of Cuba. Petitioner has been in DHS custody since December 31, 2002. An immigration judge order the petitioner removed on sometime in April 2003.

11. Petitioner first arrived in the United States in 1980 as part of the Mariel boatlift. Petitioner previously resided in Cuba.

12. To date, however, the DHS has been unable to remove the petitioner to Cuba. It is petitioner's understanding that Cuba will deny any and all requests for travel documents as there are currently no formal diplomatic relations between Cuba and the United States, nor is there any formal or informal agreement between the two countries regarding repatriation.

(3)

13. petitioner has cooperated fully with all efforts by the DHS to remove him from the United States. petitioner is willing to sign the travel document or any other papers have admitted to Cuba citizenship, provided my deportation officer will all information about when and where I was born or identity documents.

14. petitioner has had reviewed under 8 C.F.R. 212.12 as after the six-month, under the Cuban Review plan, which was denied, any relieve. petitioner believes that the DHS will continue his detention.

15. In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that six months is the presumptively reasonable period during which INS may detain aliens in order to effectuate their removal. Id at 702. Interim administrative regulation also recognize that the HQPDU has a six-months period for determining whether there is a significant likelihood of an alien's removal in the reasonably foreseeable future. 8 C.F.R § 241.13 (b)(2)(ii).

16. petitioner was ordered removed on in the April 8, 2003. and the removal order becom final after 30 days. petitioner came into DHS custody in December 31, 02. and ~~August~~ June 31, 03. six-months. Therefore, the six-month presumptively reasonable removal period for petitioner.

CLAIM FOR RELIEF
STATUTORY VIOLATION

17. petitioner re-alleges and incorporates by reference paragraphs 1 through 16 above.

18. petitioner's continued detention by the Respondents violates 8 U.S.C. § 1231(a)(6), as interpreted in Zadvydas. petitioner's ninety-day statutory removal period and six-months

(4)

presumptively reasonable period for continued removal efforts both have passed. Respondents are unable to remove petitioner to Cuba because there is no repatriation agreement between the United States and Cuba; Cuba will not accept its citizens who have been ordered removed from the United State In Zadvydas, the Supreme Court held that the continued indefinite detention of someone like petitioner under such circumstances is unreasonable and not authorized by 8 U.S.C. § 1231(a)(6).

19. Section 1231(a)(6) does not draw any distinction between aliens who are removable on the grounds of inadmissibility and those removable on grounds of deportability, and therefore Zadvydas' holding applies to both inadmissible as well as admissible aliens under a final order of removal. Xi v. INS, 298 F.3d 832, 835-36 (9th Cir. 2002) (Chinese national) apprehended at sea and therefore inadmissible ordered released under Zadvydas; Borrero v. Aljets, 178 F. Supp. 2d 1034, 1041-44 (D. Minn. 2001) (ordering release of Mariel Cuban under Zadvydas); Merino-Mora v. Jenifer, No. 01-CV-71-484 (E.D. Mich. Jan. 14, 2002) (same); Tamaya-Gonzalez v. Jenifer, No. 01-CV-71473 (E.D. Mich. Jan. 14, 2002) (same).

20. The petitioner's ninety-day statutory removal and six-months presumptively reasonable period for continued removal effort have both passed. It is extremely unlikely that the respondents will be able to remove the petitioner to Cuba or any other country held in Zadvydas, that the continued detention of someone like the petitioner under such circumstances is unreasonable, and is not authorized by 8 U.S.C. § 1231(a)(6).

(5)

## SUBSTANTIVE DUE PROCESS VIOLATION

21. Petitioner re-alleges and incorporates by reference paragraphs 1 through 20 above.

22. There is no significant likelihood that petitioner will be removed in the reasonably foreseeable future.

23. The petitioner's continued detention violates his right to substantive due process by depriving him of his core liberty interest to be free from bodily restraint. The due process clause of the Fifth Amendment requires that the deprivation of the petitioner's liberty be narrowly tailored to serve a compelling government interest. While respondents might have a compelling government interest in assuring petitioner's presence at the time of deportation, that interest does not justify petitioner's indefinite detention where he is unlikely to be deported. Because the petitioner is not likely to be removed to Cuba, his continued indefinite detention violates substantive due process.

## PROCEDURAL DUE PROCESS VIOLATION

24. Petitioner re-alleges and incorporates by reference paragraphs 1 through 23 above.

25. Under the due process clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. Petitioner in this case has been denied that opportunity. There is no administrative mechanism in place for the petitioner to obtain a decision from a neutral arbiter or appeal a custody decision that violates Zadvydas. See generally 8 C.F.R. § 212.12. The custody review

(6)

procedures for Cubans are constitutionally insufficient both as written and as applied. A number of courts have identified a substantial bias within the DHS toward the continued detention of aliens, raising the risk of an erroneous deprivation to unconstitutionally high levels. See, e.g., Phan v. Reno, 56 F. Supp. 2d 1149, 1157 (W.D. Wash. 1999) ("INS does not meaningfully and impartially review the petitioner's custody status"); St. John v. McElroy, 917 F. Supp. 243, 251 (S.D.N.Y. 1996) (Due to political and community pressure, the DHS, an executive agency, has every incentive to continue to detain aliens with aggravated felony conviction, even though they have served their sentences, on the suspicion that they may continue to pose a danger to the community; see also Rivera v. Demore, No. C 99-3042 TEH, 1999 WL 521177, *7 (N.D. Cal. July 13, 1999) (procedural due process requires that alien release determination be made by impartial adjudicator due to agency bias.

## PRAYER FOR RELIEF

WHEREFORE, petitioner prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Grant petitioner a writ of habeas corpus directing the respondents to immediately release petitioner from custody;

3) Enter preliminary and permanent injunctive relief enjoining respondents from further unlawful detention of petitioner;

4) Award petitioner attorney's fees and costs under

(7)

The Equal Access To Justice Act ("EAJA"), as Amended, 5 U.S.C. § 504 and 28 U.S.C § 2412 and on any other basis justified under Law; and

5) Grant any other and further relief that this court deems just and proper.

I affirm, under penalty of perjury, that the foregoing is true and correct.

Respectfully submitted

Dated: 8-25-04

*[signature]*
MANUEL VERA BETANCOURT
Plymouth County Correctional F
ID: 36779 - Unit: E 3 - Room: 323
26 Long Pond Road
Plymouth, MA 02360

U.S. Attorney office
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA. 02210

CERTIFICATE OF SERVICE

I hereby certify that on 8-25-04, I caused to be mailed via certified mail a copy of the foregoing to united states Attorney office; 1 Courthouse Way Boston, MA. 02210

(8)