UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MANUEL VERA BETANCOURT

V.                                    CA 03-400S

IMMIGRATION NATURALIZATION SERVICES
(I.N.S.) and
UNITED STATES ATTORNEY
DISTRICT OF RHODE ISLAND

REPORT AND RECOMMENDATION

Robert W. Lovegreen, United States Magistrate Judge

On September 12, 2003, the pro se petitioner, Manuel Vera Betancourt ("Betancourt"), filed his petition for habeas corpus pursuant to 28 U.S.C. § 2241. The petition is rather sparse in setting forth his claims, but states that he was then being confined at the Adult Correctional Institutions ("ACI"), that he presented his claims to the Warden of the ACI, that he has been waiting eight (8) months regarding his Order of Deportation to Cuba, and that he requests the court to release him as he has been waiting "2 years" to be released. In the portion of the petition which requests the petitioner to state the facts supporting his claim, Betancourt simply wrote "I.N.S.".

In response to the petition, the respondents moved to dismiss the petition for habeas corpus pursuant to Fed. R. Civ. P. 12(b)(6). The respondents argue that Betancourt has failed to allege any facts to support his petition, has failed to allege a constitutional violation, and that Zadvydas v. Davis, 533 U.S. 678 (2001), does not apply in this matter.

Betancourt then filed a Motion for Immediate Release which this court, treating pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), considered an objection to the respondents' motion to dismiss. The Motion for Immediate Release states that the petitioner has been held illegally since July 24, 2003, that the respondents failed to file their motion to dismiss timely, and the respondents failed to request an extension of time to file their motion to dismiss.

The respondents' motion to dismiss was referred to a magistrate judge for preliminary review, findings, and recommended disposition. 28 U.S.C. § 636(b)(1)(B); Local Rule

1

32(c). A hearing was held on December 16, 2003. After review of the pleadings, oral argument, and my independent research, I recommend that the respondents' motion to dismiss be granted without prejudice to Betancourt refiling.

## Background

In December 2002, Betancourt, acting pro se, filed in this court a petition for habeas corpus pursuant to 28 U.S.C. § 2254[1]. Section 2254 petitions deal with persons who are in custody pursuant to a state court judgment. Unfortunately for Betancourt, he sought relief as to the INS which had issued a detainer in June 2002, but did not have actual custody of Betancourt at the time the petition was filed. The petition was dismissed without prejudice based upon the fact that, at the time of the filing of the petition, the INS did not have custody of Betancourt. See Carafas v. Lavallee, 391 U.S. 234, 238 (1968).

It is undisputed that on January 24, 2003, the INS took custody of Betancourt and has had custody of him thereafter. On January 31, 2003, Betancourt was charged with being an arriving alien and a Notice to Appear issued which alleged that Betancourt had been convicted of criminal sale of a controlled substance on July 6, 1983 in New York, NY and had been convicted of criminal possession of a controlled substance on September 22, 2000 in Albany, NY. As a result, Betancourt was charged with being removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(i)(I) and (II). A hearing was held before an Immigration Judge ("IJ") on April 8, 2003 at which Betancourt, appearing via tele-video pro se, admitted the charges in the Notice to Appear and admitted he had violated the immigration laws of the United States. The IJ found Betancourt to be removable on both charges and both Betancourt and the INS waived any right to appeal the IJ's order.

On September 12, 2003, Betancourt filed this petition seeking release from the custody of the INS pending his deportation. At oral argument on December 16, 2003, Betancourt, speaking through an interpreter, stated that he was not challenging the deportation order, but was challenging his detention in custody of the INS as he did not believe he should continue to be held such a long period of time. Betancourt argued that he has been held by the INS for almost 2 years on either a detainer or actual custody and that length of time is too long.

---

[1] Betancourt v. INS, CA 02-531L.

Discussion

The real issue in this case is whether the dictates of Zadvydas, apply. Betancourt challenges only his detention by the INS. He seeks only "immediate release". In Zadvydas, the Supreme Court considered whether 8 U.S.C. § 1231(a)(6) authorized the United States Attorney General "to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal." 533 U.S. at 682. The court concluded that "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." Id. at 688. 8 U.S.C. § 1231(a)(6) applies to certain categories of aliens who have been ordered removed and includes inadmissible aliens. This statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." Id. at 689.

The question arises as to whether the statute is applicable to all aliens or just certain categories of aliens. The court stated that Zadvydas dealt "with aliens who were admitted to the United States but subsequently ordered removed. Aliens who have not yet gained initial admission to this country would present a very different question." Id. at 682. The court further stated "[b]ut once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Id. at 693. *Statute of equal protection*

Here, the respondents contend that Betancourt is an "arriving alien". Resps'. Mem. at 2. Betancourt does not dispute this contention. While the respondents do not define what an arriving alien is, it can be assumed that it includes an illegal alien or one who has not legally been admitted to the United States. Certainly, Betancourt entered the United States as he was convicted in 1983 in New York City and convicted again in 2000 in Albany, NY., but he was never legally admitted. The Circuits differ as to the effect of Zadvydas. The majority of circuits have declined to extend Zadvydas to excludable or inadmissible aliens. See Benitez v. Wallis, 337 F.3d 1289 (11th Cir. 2003); Borrero v. Aljets, 325 F.3d 1003 (8th Cir. 2003); Rios v. INS, 324 F.3d 296 (5th Cir. 2003); Hoytye-Mesa v. Ashcroft, 272 F.3d 989 (7th Cir. 2001), cert. denied, 123 S.Ct. 185 (2002); Sierra v. INS, 258 F.3d 1213 (10th Cir.), cert. denied, 534 U.S. 1071 (2001). These decisions generally conclude that Zadvydas distinguished between excludable and deportable

3

aliens, that the six month reasonableness presumption does not apply to the former (excludable aliens), and that detention of such aliens does not violate due process. Two circuits have reached an opposite conclusion. See Martinez-Vasquez v. INS, 2003 WL 22244774 (9th Cir. October 1, 2003); Rosales-Garcia v. Holland, 322 F.3d 386 (6th Cir)(en banc), cert. denied, 123 S.Ct. 2607 (2003).

Leaving aside for the moment whether Zadvydas applies to Betancourt, the Supreme Court stated:

> [T]he habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions.

Id. at 699-700.

> [F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Id. at 701.

Betancourt is requesting this court conclude that, at this time, there is no significant likelihood of removal in the reasonably foreseeable future. However, this court has been provided no facts on which to base such a conclusion. Betancourt

4

was turned over to INS custody in January 2003 and his final order of removal was issued in April 2003. But the status of Betancourt's removal process to Cuba is unknown by this court and no information has been provided by the petition or by Betancourt in his pleadings or at oral argument. Even assuming that Zadvydas applies to Betancourt, the court cannot determine this issue in a vacuum. At the very least, Betancourt must demonstrate some basis to argue that his removal to Cuba is impossible or is not significantly likely in the reasonably foreseeable future. Should he do so, the court will then have to determine whether Zadvydas applies to an alien in Betancourt's circumstances.

## Conclusion

For the reasons stated, I recommend that the respondents' motion to dismiss be granted without prejudice to Betancourt filing another petition in the future based upon the then status of his removal proceedings which he should set forth in detail in such petition.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed.R.Civ.P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

/s/ Robert W. Lovegreen
Robert W. Lovegreen
United States Magistrate Judge
December 18, 2003

5